FABE, Chief Justice,
dissenting.
In my view, the superior court abused its discretion by denying Conley's motion in li-mine to exclude evidence of prior bad acts that were highly prejudicial, only minimally probative, and not submitted for a significant non-propensity purpose. Moreover, the superior court compounded the harm of its admission of this evidence by failing to identify the permissible non-propensity purpose for which the evidence would be received. It was the superior court's responsibility to inform the parties of the permissible non-propensity basis for its admission of the evidence and to offer them an appropriate limiting instruction to ensure that the jurors considered the evidence only for non-propensity purposes. Its failure to do so compounds the error of the superior court's initial denial of Conley's motion in limine to exclude the evidence of prior bad acts. Accordingly, I respectfully dissent.
This case implicates three Alaska Rules of Evidence.[1] Rule 402 provides the general background rule that "[alll relevant evidence is admissible, except as otherwise provided...." [2] Rule 408 provides one exception to Rule 402 admissibility, specifying that "[all-though relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the is *1143 sues, or misleading the jury...."[3] Finally, Rule 404(b)(1) provides another exception, specifying that "[elvidence of other crimes, wrongs, or acts is not admissible if the sole purpose for offering the evidence is to prove the character of a person in order to show that the person acted in conformity therewith." [4] The purpose behind this prohibition is to hinder "the endeavor to fasten guilt upon [a party] by proof of character or experience predisposing to an act of crime" [5] because "[the natural and inevitable tendency of the tribunal ... is to give excessive weight to the vicious record ... thus exhibited, and either to allow it to bear too strongly on the present charge, or to take the proof of it as justifying a condemnation irrespective of guilt of the present charge." [6] Our Rules of Evidence ensure that "a [party] starts his life afresh when he stands before a jury." [7] Rule 404(b)(1) goes on to carve out a limited exception to this exception, permitting the admission of prior bad acts under Rule 402 "for ... purposes [other than to show that the person acted in conformity therewith], including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." [8]
The barriers to introducing evidence of prior bad acts are formidable. The very existence of Rule 404(b)(1) leads to the conclusion that "[aldmission of evidence of prior bad acts is by its nature highly prejudicial and should always be subject to careful seru-tiny." [9] Accordingly, we have held that Rule 404(b)(1) creates a presumption against the admissibility of evidence of prior bad acts for any purpose due to its significant prejudicial impact.[10] At least in a civil case,[11] the party seeking to introduce evidence of prior bad acts must therefore bear the burden of demonstrating two things in order to overcome that presumption.
First, the party must demonstrate that it will offer the evidence for a permissible purpose other than to show that a party acted in conformity with the propensity implied by the prior bad acts. But not just any non-propensity purpose will suffice to bring the evidence into court through Rule 404(b)(1)'s limited carve-out. Rather, the proffered non-propensity purpose must pass a threshold of significance that adequately protects against the unavoidable prejudicial effect of evidence of prior bad acts.[12]
Second, even if evidence of prior bad acts satisfies Rule 404(b)(1)'s limited carve-out for non-propensity uses, the evidence must still satisfy Rule 4083's requirement that it be more probative than prejudicial[13] - More *1144 over, we have held that Rule 404(b)(1)'s presumption of inadmissibility of evidence of prior bad acts alters the normal Rule 408 balancing test.[14] Because evidence of prior bad acts is presumed to be prejudicial, "(tenuous or marginal probative value of prior crimes evidence must never be allowed to serve as an excuse for implanting prejudice in the minds of the jury." [15] In light of Rule 404(b)(1), a party seeking to pass Rule 4083's test must do more than that rule normally requires.[16] The party seeking to introduce evidence of prior bad acts must show that the evidence's use for non-propensity purposes will be substantial enough to outweigh the substantial risk of prejudice that such evidence always carries.[17]
In sum, Rule 404(b)(1) creates a presumption of exclusion of evidence of prior bad acts until the party seeking to use that evidence proves that the evidence is significantly more probative of a substantial non-propensity purpose than it is prejudicial. In this way, the two steps discussed above-first qualifying for a Rule 404(b)(1) carve-out for non-propensity purposes, and then satisfying Rule 4038's balancing test as sufficiently more probative than prejudicial-ean both be seen as addressing the same question: whether the party seeking to use evidence of prior bad acts has satisfied the high burden imposed by the rules of evidence that presume that such evidence is too prejudicial and should be excluded.
In this case, I would hold that the superior court abused its discretion by denying Conley's motion in limine to exelude evidence of prior bad acts under Alaska Rules of Evidence 403 and 404(b)(1). First, ACS failed to meet its burden of demonstrating that the evidence should come in for a significant non-propensity purpose within Rule 404(b)(1)'s limited carve-out. One of ACS's proffered non-propensity purposes was to show that Conley's motor neuron disease preexisted the accident, as revealed by the work-related incidents at issue in this case. But ACS never offered any reason to conclude that these work-related incidents were relevant for that purpose beyond merely asserting that "[the [work-related] incidents ... are consistent with the onset of the symptomolo-gy of [the motor neuron disease]." ACS offered no medical opinions supporting this assertion of a non-propensity purpose. And the course of the trial revealed that ACS's proffered non-propensity purpose was insubstantial, nonexistent, or pretextual. ACS's own medical expert testified that, in her opinion, Conley's motor neuron symptoms began in July 2007, years after these work-related incidents.
*1145 ACS's second proffered non-propensity purpose for the evidence of prior bad acts was to show that Lynden negligently employed Conley despite knowing that he "was an accident waiting to happen." But we have previously held that evidence of prior bad acts in job performance may be admissible to show that the employer should have known of the employee's likelihood of causing injury only where those bad acts display the specific type of conduct that caused the injury in the present case.[18] The misconduct on display in the work-related incidents in this case was not of the type that should have put an employer on notice that Conley was likely to injure himself in the way ACS alleges occurred in this case.
Moreover, ACS failed to meet its burden of demonstrating that the use of the evidence would be significantly more probative than prejudicial and thus overcome the presumption that such evidence shall be excluded. ACS introduced evidence that Conley had a record of prior accidents and disciplinary problems at work. Such a record is extremely prejudicial to Conley's claim that, in this case, he was not responsible for his injury. That ACS actually used that evidence to argue to the jury that "Mr. Conley is somebody who would do this" only confirms what was obvious when the superior court ruled on Conley's motion in limine: This evidence had extraordinary potential to prejudice the jury with the implication that Conley's actions in this case were in conformance with the prior acts detailed in evidence.
On the other side of the balance, the evidence of prior bad acts had only marginal, if any, probative value for non-propensity purposes. One of ACS's proffered non-propensity purposes was to show that Conley's motor neuron disease preexisted the accident. But the handful of incidents documented in these work reports over the course of years (such as a slip and fall on ice, a foot slipping off a brake pedal, missing a delivery, taking too many breaks, or becoming angry after dropping a heavy object on one's foot) can hardly be understood as providing more than extremely tenuous, if any, support for ACS's argument. ACS's second proffered non-propensity purpose for the evidence of prior bad acts was to show that Lynden negligently employed Conley despite knowing that he "was an accident waiting to happen." But almost all of the evidence was irrelevant to this claim. Being written up for losing his temper, taking excessive breaks, missing a delivery, and slipping on ice while wearing the required traction devices are not indicative of the accident in this case. And the other two incidents-dropping a plate of metal on his foot and throwing a hammer in anger, and getting his foot caught between the accelerator and brake pedals of a vehicle and damaging a sprinkler-are of only marginal probative value in assessing whether an employer tortiously kept an employee on the payroll. On balance, I would hold that "the slight probative value such evidence may have is far outweighed by its potential for prejudice." [19]
Today's court seemingly ignores the purposes behind Evidence Rules 403 and 404 and thus reaches the wrong result. The court relies on the notion that "each piece of disputed evidence could reasonably be seen to have some permissible relevance" to a non-propensity argument, such as ACS's contentions that Lynden was negligent in employing Conley and ACS's theory that symptoms of Conley's motor neuron disease manifested prior to the accident.[20] The court then concludes that ACS "at least demonstrated that the evidence was relevant to non-propensity purposes."[21] - But Rule 404(b) requires more than a demonstration of mere relevance to some non-propensity purpose in order to qualify for its limited carve-out. And as explained above, the proffered evidence was only minimally, if at all, relevant for non-propensity purposes and did *1146 not surpass the presumption of inadmissability imposed by Rule 404(b)(1).
The court also concludes that it cannot say that the superior court abused its discretion by determining that the probative value of the evidence outweighed its prejudicial ef-feet.[22] But the court provides no explanation for this determination and never estimates the prejudicial or probative value of the evidence. Rather the court merely states that it cannot look to ACS's actual use of the evidence in trial when evaluating the superi- or court's decision to reject Conley's motion in limine, and then states that the superior court was entitled to assume that "ACS would follow the rules" and that "Conley would ... raise appropriate objections.[23] But we have held that onee a trial court has denied a party's motion in limine, the party has no duty to continue to object during trial in order to challenge the initial denial on appeal.[24] And the court's entire line of reasoning fails to explain or resolve how the prejudicial and probative values of the evidence should be weighed. That weighing process must occur in order to decide whether the superior court abused its discretion in denying Conley's motion in limine.[25] In my view, the superior court abused its discretion because any marginal probative value of the evidence was far outweighed by its likely prejudicial effect.
Moreover, the superior court compounded the harm of its admission of this evidence by failing to identify any permissible non-propensity purpose for which the evidence would be received. It was the superior court's responsibility to inform the parties of the permissible non-propensity basis for its admission of the evidence and to offer them an appropriate limiting instruction to ensure that the jurors considered the evidence only for proper non-propensity purposes. Its failure to do so constitutes additional error flowing from the superior court's denial of Conley's motion in limine to exclude the evidence of prior bad acts.
Even when a court denies a motion in limine to exclude evidence of prior bad acts, the court should take contemporaneous steps to ensure that the use of that evidence does not stray beyond the bounds imposed by the Alaska Rules of Evidence. In a case involving extremely prejudicial evidence of prior bad acts, we have praised a trial court judge who "indicated his awareness of thle] requirement[s] [of the Rules of Evidence] by carefully taking steps to ensure that the testimony regarding the prior rape was properly limited in its presentation before the jury, in order to minimize its prejudicial effect," including by "admonish[ing] the jury as to the limited purpose of the evidence immediately prior to its presentation and also [giving] a written cautionary instruction as to its limited use." [26] And it is well-established in the federal courts that failure to issue a limiting instruction sua sponte in order to prevent the misuse of evidence of prior bad acts can constitute plain error in at least some cases.[27] Indeed, in the Sixth Circuit, trial courts must issue limiting instructions any time "Rule 404(b) evidence is received" in order to keep the use of that evidence within the bounds of the rules of evidence.[28] As Justice Cardozo stated so eloquently over 140 years ago, "The practice of calling out evidence for one purpose, apparently innocent, and using it for another, which is illegal, is improper; and, if it is clear and manifest that the avowed object is colorable merely, its admission is error."[29]
*1147 In sum, it was error to admit this evidence of prior bad acts at all, and that error was compounded by the admission of the evidence without appropriate steps to protect against improper use of that evidence.
ACS's improper use of the evidence of prior bad acts at trial in this case highlights the gravity of the superior court's error in denying Conley's motion in limine. ACS stated during closing arguments, "Mr. Conley really was an accident waiting to happen. Mr. Conley is somebody who would do this." This is a clear case of using evidence of prior bad acts to establish propensity and then argue that a litigant has acted in conformance therewith. Indeed, it is hard to imagine a clearer example than stating that a litigant "is somebody who would do this." The superior court's failure to issue a limiting instruction sua sponte would constitute plain error if it were fairly raised to this court on appeal.[30] Even if Conley's appellate brief in this case does not fairly raise a plain-error argument, ACS's improper use of the evidence at trial confirms what was true in this case from the outset: This evidence had such high potential for prejudice and such low probative value of any non-propensity purpose that the evidence should have been excluded following Conley's motion in limine. And when the superior court admitted the evidence, the superior court had a duty to carefully delineate the purposes for which the evidence could be used and to enforce those limitations through appropriate orders and instructions. Failure to do so compounded the reversible error of admission.
For these reasons, I respectfully dissent. I would reverse and remand for a new trial.

. I rely on the court's statement of the facts of the case.

. Alaska R. Evid. 402. Alaska Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

. Alaska R. Evid. 403. In its typical application, this balancing test measures the probative value of the evidence against its deleterious effects. Where the prejudicial effect is "demonstrably greater," the evidence must be excluded. Commentary Alaska E.R. 403.

. - Alaska R. Evid. 404(b)(1).

. People v. Zackowitz, 254 N.Y. 192, 172 N.E. 466, 468 (1930) (Cardozo, J.).

. Id. (quoting 1 Wicmore, Evipence § 194 (1923)).

. Id.

. Alaska R. Evid. 404(b)(1). Other provisions in Rule 404(b) carve out additional exceptions not relevant in this case.

. Coleman v. State, 621 P.2d 869, 874 (Alaska 1980).

. See Oksoktaruk v. State, 611 P.2d 521, 524 (Alaska 1980) ("[The rule regarding evidence of prior crimes is a 'rule of exclusion of evidence aa and not one of admission....'" (quoting United States v. Burkhart, 458 F.2d 201, 204 (10th Cir.1972))). Like all presumptions, this presumption consists of an initial allocation of burden and a quantum of production required to overcome the presumption. Brack's Law Dictionary 1304 (9th ed.2009).

. This discussion addresses only civil cases. I do not address the analysis of Rule 404(b) following an amendment in 1991 that may alter the application of Rule 404(b) in criminal cases. See ch. 79, § 1(c), SLA 1991.

. Oksoktaruk, 611 P.2d at 524 ("If prior crimes were found admissible whenever offered to prove a fact classified as material to the prosecution's case, 'the underlying policy of protecting the accused against unfair prejudice ... [would] evaporate through the interstices of the classification.'" (alteration in original) (quoting McCor-Mick on Evipence § 190, at 453 (Edward W. Cleary et al. eds., 2d ed.1972))).

. See, e.g., Hess v. State, 20 P.3d 1121, 1128 (Alaska 2001) (addressing whether attempted introduction of prior acquittal was more probative *1144 than prejudicial after assuming that the evidence would meet the requirements of Rule 404(b)'s carve-outs); see also Commentary Alaska ER. 404(b) ("Of course, 'other crimes' evidence admissible under Rule 404(b) may be excluded under Rule 403.").

. Lerchenstein v. State, 697 P.2d 312, 315 n. 2 (Alaska App.1985) ("Evidence Rule 404(b) modifies the normal balancing process under Evidence Rule 403 by requiring the trial court to begin with the assumption that the evidence should be excluded."), aff'd, 726 P.2d 546 (Alaska 1986) ("[Lerchenstein ] is affirmed for the reasons expressed therein."); see also Coney v. Municipality of Anchorage, Mem. Op. & J. No. 566, 1991 WL 11657239 (Alaska, July 24, 1991) ("Even after the trial court determines that the evidence may tend to prove a material fact, a presumption remains that the evidence is not admissible. [Lerchenstein ]. This presumption arises from the recognition that propensity evidence always carries some amount of unfair prejudice.").

. Freeman v. State, 486 P.2d 967, 979 (Alaska 1971).

. Normally, Rule 403 carries a slight presumption of admissibility that is overcome upon a showing that the evidence's prejudicial effect is "demonstrably greater'"' than its probative effect. See supra note 3. But the presumption created by Rule 404(b)(1) flips the initial burden, presuming the inadmissability of evidence of prior bad acts, and also raises the bar for the production necessary to overcome that presumption.

. Oksoktaruk, 611 P.2d at 524-25 ("Our cases are thus in accord with the orientation of a leading treatise-writer, who urges that a prior crime be 'so related to the crime charged in point of time or circumstances that evidence thereof is significantly useful in showing the defendant's intent in connection with the crime charged,' before evidence of the prior crime is judged more probative than prejudicial." (footnote and citation omitted)); Lerchenstein, 697 P.2d at 318 ("Even if deemed relevant for a permissible purpose under Evidence Rule 404(b), however, the evidence should only have been introduced if its probative value outweighed its prejudicial impact to such an extent that the presumption - favoring exclusion - was - overcome.").

. See Ayuluk v. Red Oaks Assisted Living, Inc., 201 P.3d 1183, 1194-95 (Alaska 2009). In other words, an argument that an employer tortiously employed an employee is not an automatic license to rummage through the employee's work history. Only those prior bad acts that speak directly to the type of injury allegedly caused by the employee may be admitted under Alaska Rule of Evidence 404(b)(1).

. Fields v. State, 629 P.2d 46, 50 (Alaska 1981).

. Op. at 1137 (emphasis added).

. Id. at 1137.

. Id. at 1138.

. Id.

. Landers v. Municipality of Anchorage, 915 P.2d 614, 617 (Alaska 1996).

. See Liimatta v. Vest, 45 P.3d 310, 313 (Alaska 2002) ("When reviewing the exclusion of evidence under Evidence Rule 403 as unfairly prejudicial, we first consider the relevance of the [excluded evidence] and then determine whether its prejudicial effect so outweigh{s] its probative value that admission by the trial judge constitute(s] a clear abuse of discretion." (quotation marks and citations omitted) (alterations in origi-pal)).

. Coleman v. State, 621 P.2d 869, 876 (Alaska 1980).

. See, e.g., United States v. Bobbitt, 450 F.2d 685, 691 (D.C.Cir.1971).

. See United States v. Hemphill, 76 Fed.Appx. 6, 13 (6th Cir.2003).

. People v. Zackowitz, 254 N.Y. 192, 172 N.E. 466, 469 (1930) (Cardozo, J.) (citation omitted).

. "Absent a finding of plain error, ... appellant's failure to request a limiting instruction at trial waived that claim [that use of evidence of prior bad acts for propensity purposes should be prohibited by a limiting instruction]." Adkinson v. State, 611 P.2d 528, 533 (Alaska 1980) (footnote omitted) (alterations and omissions added).
"Plain error is an error that (1) was not the result of intelligent waiver or a tactical decision not to object; (2) was obvious; (3) affected substantial rights; and (4) was prejudicial." Adams v. State, 261 P.3d 758, 764 (Alaska 2011). Nothing in our precedent precludes the conclusion that it is plain error to fail to issue a limiting instruction sua sponte when the use of evidence of prior bad acts was so prejudicial and so minimally probative as it was in this case.
The error in this case would have been obvious because the evidence was so highly prejudicial and of such marginal probative value, and because Conley would have been entitled to a limiting instruction had he requested one under Alaska Rule of Evidence 105 such that it would have been reversible error for the superior court to deny such a request. Conley's right to such an instruction was "so obvious that the trial court should have noticed it despite the absence of an objection." Adams, 261 P.3d at 772. The error was prejudicial and affected substantial rights because evidence of prior bad acts is always substantially prejudicial. Coleman, 621 P.2d at 874. Finally, there is no indication that Conley failed to object for strategic purposes. How it could possibly benefit Conley to forego a limiting instruction issued by the trial court in favor of his lawyer's own admonitions is left unclear.